UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH LAMAR ANGLIN,

    Plaintiff,

v.                                                        Case No. 3:15cv488/MCR/CJK

ROBERT MATTHEW ANGLIN,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended complaint (doc. 8). The undersigned previously entered an order (doc. 4) granting plaintiff, who is proceeding *pro se*, leave to proceed *in forma pauperis* but advising plaintiff that his complaint was deficient in that it was not in proper form and plaintiff had not pled a jurisdictional basis for his claims. The undersigned noted that it appeared from the face of the complaint that subject matter jurisdiction may be lacking because plaintiff's complaint concerns what appear to be probate matters. Plaintiff was allowed an opportunity to correct the deficiencies through the filing of an amended

complaint.

Plaintiff's amended complaint is based on the same set of facts and circumstances as his original complaint – a probate matter involving real and personal property located in New Jersey. Pursuant to 28 U.S.C. § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient to the parties and witnesses and serve the interest of justice." *Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011).

As indicated above, the actions of which plaintiff complains took place in New Jersey and involve a probate matter presumably pending or formerly pending there. All of the defendants are residents of the state of New Jersey, and the property in

dispute is located there.  Plaintiff has alleged no action taken in Florida and no basis for the assertion of personal jurisdiction over any of the defendants.  In short, the Northern District of Florida has little relation to this litigation.  Neither the private interests of the litigants nor the public interest in the administration of justice will be advanced by venue being maintained in this district.  In fact, plaintiff seems to acknowledge that New Jersey is the proper venue but nevertheless seeks to maintain suit in this district, stating that "[d]ue to personal danger that Plaintiff is already in here in Florida, and as far away as New Jersey is from here, Plaintiff Must have THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA Jurisdiction to prevent loss of life literally which would be an everpresent imminent Danger if Plaintiff is denied FEDERAL COURT Jurisdiction."  Doc. 8, pp. 5-6.  Plaintiff further alleges "it is a Virtual Cirtainty [sic] that it is not possible to get a fair trial in New Jersey." [1]  Doc. 8, pg. 6.  Plaintiff's uncorroborated fear of reprisal is not

---

[1] According to plaintiff, his

> own life would not only be Endangered by denied Federal Court Jurisdiction but also Plaintiff would be put into extreme and everpresent Imminent danger of Abuse of Process including but not limited to False Arrests, False Light, Assault and Battery, Malicious Prosecution; False Imprisonment; Denial of any fair trial in New Jersey where Defendants Enjoy All Advantages of $$ and Influence of all kinds including but not limited to: Political Influence; Corrupt Organization Influence, defendants personal and professional friends in both high and low places; the favoritism shown to them and their ability to silence a poor Floridian Plaintiff daring to seek Justice and Equity like me. . . . One of the major dissuaders to a NJ trial is the fact that the initial perpetrator of the offenses in this complaint is a

a basis for venue; neither is his belief he will be denied a fair trial.  Based on the allegations in plaintiff's complaint, it is clear that venue is proper in New Jersey.[2]

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for the District of New Jersey.

2.  That the clerk be directed to close the file.

---

> retired Policeman of NJ who has already used Financial Duress, Purgery [sic], Fraud, Fraudulently attained Documents, Professional Contacts, Special Knowledge, Defamation of Character, and emailed Threat of Further Abuse to propogate [sic] his Torts and Malfeasances and then to obfuscate discovery and directly intimidate the Plaintiff to drop Rightful Court Actions already initiated in US DISTRICT COURT.  Other Defendants and those who assited [sic] in the torts and illegal acts are deep pocketed professionals who are very influential in NJ and surrounding States and enjoy Professional standing and contacts which also ensures that no Rightful Fair Trial will be attained in NJ as a result of undue influence.  To place the venue in NJ would leave Plaintiff facing undue financial duress, imminent threat of harassments from various sources of Professional cohort or accomplice sympathizers, abuses of process such as undue influence and entrapments and false arrests, and bodily endangerment and loss of life, greater than the threat present as is in the Florida venue. . . .  In short, from the above, an Urgency arises to bring this case into THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA due to the risks and impossibilities of getting a fair trial in New Jersey.

Doc. 8, pp. 6-7.

[2] As indicated, plaintiff has pled no facts indicating this court could exercise personal jurisdiction over the defendants.  Hence, were the action to remain in this district, it likely would be dismissed.

Case No. 3:15cv488/MCR/CJK

At Pensacola, Florida this 2nd day of June, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**